United States District Court
For the Northern District of California

1
2
3
4
5         UNITED STATES DISTRICT COURT
6         NORTHERN DISTRICT OF CALIFORNIA
7
8  THERESA M. ALCALEN VICTA,                    No. C-12-2152 EMC
9         Plaintiff,
10        v.                                    **ORDER GRANTING DEFENDANT'S MOTION TO EXPUNGE**
11 WASHINGTON MUTUAL BANK, FA, *et al.*,
                                                **(Docket No. 23)**
12
13        Defendants.
   _____/
14
15
16     Plaintiff initiated this lawsuit in April 2012. In her complaint, she asserted claims for fraud and ultra vires contract based on a home loan that she obtained from WaMu in 2006. As relief, Plaintiff sought, *inter alia*, a return of the real property at issue. In May 2012, Plaintiff recorded a notice of lis pendens with the Contra Costa County Recorder's Office. *See* Meulemans Decl., Ex. 2 (recorded notice). In July 2012, Plaintiff voluntarily dismissed her lawsuit. She did not, however, withdraw the notice of lis pendens. Defendant now moves for relief, asking that the Court issue an order expunging the notice of lis pendens. Having considered the papers submitted, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for October 26, 2012. The Court hereby **GRANTS** Defendant's motion.

   "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." *Federal Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1069 (1993) (emphasis omitted). "Its effect is that anyone acquiring an interest in the property after

the action was filed will be bound by the judgment. . . . Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *BGJ Assocs., LLC v. Superior Court*, 75 Cal. App. 4th 952, 966-67 (1999).

As noted above, Defendant now moves for an ordering expunging the notice of lis pendens filed by Plaintiff against the real property at issue. State law controls matters relating to lis pendens. *See* 28 U.S.C. § 1964. In California, any party may apply to the court in which the action is pending to expunge a notice of lis pendens. *See* Cal. Code Civ. Proc. § 405.30. The court must grant a motion to expunge if it determines either (1) that the pleading on which the notice is based does not contain a real property claim, or (2) that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. *See* Cal. Code Civ. Proc. §§ 405.31, 405.32; *Hunting World, Inc. v. Superior Court*, 22 Cal. App. 4th 67, 70 (1994). The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. *See* Cal. Code Civ. Proc. § 405.30; *see also Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004) (noting that "the burden is on the party opposing the motion to show [*e.g.*] the existence of a real property claim").

In its motion, Defendant contends that expungement of the notice of lis pendens is appropriate because, as a result of Plaintiff's voluntary dismissal, she is left without a real property claim and cannot establish the probable validity of such a claim.

The Court agrees that Plaintiff has not demonstrated the probable validity of any real property claim. In her opposition, Plaintiff claims that she has evidence to support her position but does not even provide an indication of what that evidence will be. *See* Docket No. 26. To the extent Plaintiff subsequently filed a new brief, asking the Court to enlarge time for her to obtain evidence to support her position, *see* Docket No. 27, the request for relief is denied. Plaintiff claims that a new lawsuit has been filed but provides no evidence to support such. More important, even if a new lawsuit has been filed, that does not mean that the lis pendens at issue should not be expunged because the lis pendens at issue concerns *this specific lawsuit*. *See* Meulemans Decl., Ex. 2 (lis pendens, providing notice of this specific lawsuit and no other). As to this specific lawsuit, because Plaintiff has voluntarily dismissed the action, there is no longer a lawsuit pending which may affect

title to or possession of the real property described in the lis pendens. *See Cua v. Mortgage Elec. Registration Sys.*, No: C 09-01605 SBA, 2012 U.S. Dist. LEXIS 94716 (N.D. Cal. July 9, 2012) (granting motion to expunge where the plaintiff voluntarily dismissed the lawsuit on these grounds). Accordingly, Defendant's motion to expunge the notice of lis pendens is granted.

This order disposes of Docket No. 23.

IT IS SO ORDERED.

Dated: October 15, 2012

_____
EDWARD M. CHEN
United States District Judge